BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
Norman B. Blumenthal (SBN 068687)
norm@bamlawca.com
Kyle R. Nordrehaug (SBN 205975)
kyle@bamlawca.com
Aparajit Bhowmik (SBN 248066)
aj@bamlawca.com
Jeffrey S. Herman (SBN 280058)
jeffrey@bamlawca.com
Sergio Julian Puche (SBN289437)
sergiojulian@bamlawca.com
Trevor G. Moran (SBN 330394)
trevor@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff
ARDEN WHIPS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARDEN WHIPS, an individual, on behalf of herself and behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IME RESOURCES, LLC a limited liability company; EXAMWORKS COMPLIANCE SOLUTIONS, LLC, a limited company; EXAMWORKS, LLC, a limited liability company; EXAMWORKS GROUP, LLC, a limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | ) Case No. **2:24-cv-03736-DAD-CKD**<br>)<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES IN SUPPORT OF**<br>) **PLAINTIFF'S MOTION TO REMAND CASE**<br>) **TO STATE COURT**<br>)<br>)   Date:  March 17, 2025<br>)   Time:  1:30 p.m.<br>)   Judge: Hon. Dale A. Drozd<br>)   Location: Courtroom 4, 15th Floor<br>)<br>)   Robert T. Matsui<br>)   United States Courthouse<br>)   501 I Street<br>)   Sacramento, CA 95814<br>)<br>)    Action Filed: November 22, 2024<br>)<br>)<br>)<br>)<br>)<br>) |

**Table Of Contents**

I.      INTRODUCTION .................................................................................................... 1

II.     LEGAL STANDARD............................................................................................. 2

III.    ARGUMENT .......................................................................................................... 3

      A.      Defendants Fail to Substantiate Their Blanket Claim That the Total Exposure In This Case Is More Than $5 Million ....................................... 3

      B.      Defendants' Analysis of Plaintiff's Waiting Time Penalties Claim is Based on Unsupported and Unreasonable Assumptions ......................................... 8

      C.      Defendants' Analysis of Plaintiff's Meal and Rest Period Claims are Based on Unsupported and Unreasonable Assumptions ....................................... 11

      D.      Defendants' Analysis of Plaintiff's Overtime Claim is Based on Unsupported and Unreasonable Assumptions......................................................... 13

      E.      Defendants' Analysis of Plaintiff's Wage Statement Claim is Based on Unsupported and Unreasonable Assumptions......................................................... 15

      F.      Defendants' Analysis of Potential Attorneys' Fees Exposure is Wholly Unsupported ...................................................................................................... 16

      G.      Defendants' Fail to Analyze any of Plaintiff's Additional Claims ......... 17

IV.     CONCLUSION..................................................................................................... 18

**Table of Authorities**

**Cases**

*Abrego v. Dow Chem. Co.*,
    443 F.3d 676 (9th Cir. 2006) ........................................................................................ 2

*Alvarado v. Scholle IPN Packaging, Inc.*,
    2020 U.S. Dist. LEXIS 208483 (E.D. Cal. Nov. 6, 2020) ........................................ 5, 6

*Alvarez v. Off. Depot, Inc.*,
    2017 U.S. Dist. LEXIS 197358, (C.D. Cal. Nov. 30, 2017) ........................................ 12

*Arango v. Schlumberger Tech. Corp.*,
    2020 U.S. Dist. LEXIS 236717 (C.D. Cal. Dec. 16, 2020) ........................................ 5, 8

*Arias v. Residence Inn by Marriott*,
    936 F.3d 920 at 925 (9th Cir. 2019) .............................................................................. 3

*Aviles v. Omnicare, Inc.*
    2014 U.S. Dist. LEXIS 72110  (S.D. Cal. May 27, 2014) ............................................ 12

*Baretich v. Everett Fin., Inc.*,
    2018 U.S. Dist. LEXIS 164609 (S.D. Cal. Sep. 25, 2018) ........................................ 1, 2

*Beckwith-Cohen v. Vibrantcare Rehab., Inc.*,
    2021 U.S. Dist. LEXIS 239033 (E.D. Cal. Dec. 14, 2021) .......................................... 5

*Bell v. Nusil Tech. LLC*,
    2021 U.S. Dist. LEXIS 63172 (E.D. Cal. March 31, 2021) .......................................... 5

*Benitez v. Hyatt Corp.*,
    2024 U.S. Dist. LEXIS 62505 (S.D. Cal. Mar. 21, 2024) ............................................ 4

*Benitez v. Hyatt Corp.*,
    722 F. Supp. 3d 1094, 1101 (S.D. Cal. 2024) ........................................................ 12, 13

*Bernal v. Serco, Inc.*,
    2020 U.S. Dist. LEXIS 203034, (C.D. Cal. Oct. 29, 2020)……………………...8

*Blossom v. Waldorf Astoria Emp'r, LLC*,
    2024 U.S. Dist. LEXIS 29719 (C.D. Cal. Feb. 21, 2024) ........................................ 4, 10

*Brancaccio v. Knauf Insulation, Inc.*,
    2020 U.S. Dist. LEXIS 61285 (C. D. Cal. April 7, 2020) .......................................... 9

*Castillo v. Trinity Servs. Grp.*
    2020 U.S. LEXIS 119963 (E.D. Cal. July 8, 2020) .................................................. 3, 5

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 (1987) ...................................................................................................... 2

*Cummings v. G6 Hosp., LLC*,
    2019 U.S.Dist. LEXIS 56719 (S.D. Cal. April 2, 2019) .................................... 5, 12, 16

iii

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S. Ct. 547 (2014) ................................................................................ 1, 2, 3

*Deal v. Genex Servs., Ltd. Liab. Co.*,
2022 U.S. Dist. LEXIS 36198, (S.D. Cal. Mar. 1, 2022) ............................... 5, 12, 15

*Evers v. La-Z-Boy Inc.*,
2022 U.S. Dist. LEXIS 133860 (S.D. Cal. July 22, 2022) ..................................... 5

*Figueroa v. LogistiCare Sols., LLC*,
2020 U.S. Dist. LEXIS 189441(C. D. Cal. October 10, 2020) ........................... 5, 8, 16

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
899 F.3d 785 (9th Cir. 2018), ..................................................................... 17

*Garibay v. Archstone Cmts. LLC*,
539 F. App'x 763 (9th Cir. 2013) .................................................................. 13

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ......................................................................... 2

*Gipson v. Champion Home Builders, Inc.*,
2020 U.S. Dist. LEXIS 127563, (E.D. Cal. July 20, 2020) ............................... 6, 15

*Gonzalez v. Hub Int'l Midwest Ltd.*,
2019 U.S. Dist. LEXIS 79672, 2019 WL 2076378 (C.D. Cal. May 10, 2019) .......... 14

*Guiniling v. Escondido Med. Inv'rs Ltd. P'ship Life Care Ctr. Of Escondido*,
2023 U.S. Dist. LEXIS 24389 (S.D. Cal. Feb. 13, 2023) ...................... 4, 8, 12, 17, 18

*Harris v. KM Indus., Inc.*
980 F.3d 694 (9th Cir. 2020) ................................................................... 12, 14

*Hayes v. Salt & Straw, LLC,*
2020 U.S. Dist. LEXIS 92475 (C.D. Cal. May 27, 2020) ....................................... 9

*Hender v. Am. Directions Workforce LLC*,
2020 U.S. Dist. LEXIS 187350 (E.D. Cal. Oct. 7, 2020) ............................... 5, 6, 11

*Henson v. Billing Concepts, Inc.*
2009 U.S. Dist. LEXIS 133765 (C.D. Cal. March 23, 2009) ................................... 2

*Holcomb v. Weiser Sec. Servs.*, Inc.,
424 F. Supp. 3d 840 (C.D. Cal. 2019) ............................................................ 13

*Hunter v. Philip Morris USA*,
582 F.3d 1039 (9th Cir. 2009) ....................................................................... 2

*Ibarra v. Manheim Investments, Inc.*,
775 F.3d 1193 (9th Cir. 2015) ............................................................. 2, 3, 7, 9

*King v. Bank of Am. Corp.*,
2012 U.S.Dist. LEXIS 199338 (C.D. Cal. May 1, 2012) ....................................... 11

iv

MEMO. OF POINTS AND AUTH. ISO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT
Case No. 2:24-cv-03736-DAD-CKD

*Lewis v. Time Inc.*,
83 F.R.D. 455 (E.D. Cal. 1979) ............................................................................................ 2

*Luther v. Countrywide Home Loans Servicing LP*,
533 F.3d 1031 (9th Cir. 2008) ............................................................................................. 1

*Marshall v. Tailored Shared Servs., LLC*,
2024 U.S. Dist. LEXIS 202366 (C.D. Cal. Nov. 4, 2024)...................................... 4, 10

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005)............................................................................................................... 2

*Melead v. TVI, Inc.*,
2020 U.S.Dist. LEXIS 164502 (C.D. Cal. Sept. 9, 2020)....................................... 5, 8, 9

*Meola v. Compass Group USA, Inc.*,
U.S. Dist. LEXIS 232312 (S.D. Cal. Feb. 2, 2021) ....................................... 5, 7, 11, 12

*Parks v. New York Times Co.*,
308 F.2d 474 (5th Cir. 1962) ............................................................................................. 2

*Rutledge v. Healthport Technologies, LLC*,
2017 U.S. Dist. LEXIS 26453 (N.D. Cal. Feb. 24, 2017) ............................................. 9

*Sanchez v. Mama Mgmt. US, LLC*,
2023 U.S. Dist. LEXIS 146795 (C.D. Cal. Aug. 18, 2023)........................................... 9

*Schwarz v. Triwest Healthcare Alliance Corp.*,
2020 U.S. Dist. LEXIS 128659 (E.D. Cal. July 21, 2020) .................................. 5, 6, 11

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007) ............................................................................................. 1

*Serrano v. Pac. Coast Feather Cushion Co.*
2017 U.S. Dist. LEXIS 138153 (C.D. Cal. Aug. 28, 2017)....................................... 11

*Tag v. i360, LLC*,
2022 U.S. Dist. LEXIS 48116 (S.D. Cal. March 17, 2022)........................................... 5

*Tercero v. C&S Logistics of Sacramento/Tracy LLC*,
2024 U.S. Dist. LEXIS 210277 (E.D. Cal. Nov. 18, 2024) ..................................... 4, 5, 6, 15

*Urias v. Labcorp Peri-Approval & Commercialization Inc.*
710 F. Supp. 3d 838 (S.D. Cal. 2024)........................................................................... 4, 14

*Valdez v. Fairway Indep. Mortg. Corp.*
2019 U.S.Dist. LEXIS 126013 (S.D. Cal. July 22, 2019) ..................................... 5, 8, 12

*Valdez v. Field Asset Servs., Inc.*
2023 U.S. Dist. LEXIS 144817 (S.D. Cal. Aug. 17, 2023) ......................................... 5

*Valenzuela v. Calenergy Operating Corp.*
2023 U.S. Dist. LEXIS 207936 (S.D. Cal. Nov. 17, 2023);..................................... 5

MEMO. OF POINTS AND AUTH. ISO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT
Case No. 2:24-cv-03736-DAD-CKD

*Vilitchai v. Ametek Programmable Power, Inc*.
  2017 U.S. Dist. LEXIS 31623 (S.D. Cal. Mar. 6, 2017) ....................................................... 3

*Waltz v. Wal-Mart Assocs.*
  2022 U.S. Dist. LEXIS 29190 (C.D. Cal. Feb. 17, 2022)....................................................... 5

*Ward-Howie v. Frontwave Credit Union*;
  2022 U.S. Dist. LEXIS 144080 (S.D. Cal. Aug. 11, 2022) ................................................... 5

*Weaver v. Amentum Servs.*
  *2022*, U.S. Dist LEXIS 59200 (S.D. Cal.March 30, 2022).......................................... 5, 11, 14

*Williams v. ETC Inst.*
  2018 U.S. Dist. LEXIS 106015, (N.D. Cal. June 25, 2018) ................................................. 14

*Wilson v. Ikea N. Am. Servs. LLC*,
  2020 U.S. Dist. LEXIS 235306, (C.D. Cal. Dec. 14, 2020) ................................................. 14

*Zamarripa v. Sup. Talent Res., Inc.*
  2019 U.S. Dist. LEXIS 121931(C.D. Cal. July 18, 2019) ................................................. 5, 16

**Statutes**

28 U.S.C. § 1446(c)(2)............................................................................................................. 1

28 U.S.C. § 1441 .................................................................................................................... 2

28 U.S.C. § 1441(a) ............................................................................................................... 2

28 U.S.C. § 1446(c)(2)(B) ..................................................................................................... 3

MEMO. OF POINTS AND AUTH. ISO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT
Case No. 2:24-cv-03736-DAD-CKD

## I.      INTRODUCTION

On December 26, 2024, Defendants IME Resources, LLC; ExamWorks Compliance Solutions, LLC; ExamWorks, LLC; and ExamWorks Group, LLC (collectively, "Defendants") removed this class action from the Sacramento County Superior Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711. [Dkt. No. 1, Notice of Removal ("NOR")]. Although CAFA gives district courts diversity jurisdiction to hear class actions, a defendant bears the burden of establishing – ***by a preponderance of the evidence*** – that 1) "any member of a class of plaintiffs is a citizen of a State different from any defendant," 2) the number of members of the proposed plaintiff class exceeds 100 in the aggregate, and 3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §1332(d); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); *see also Baretich v. Everett Fin., Inc.*,2018 U.S. Dist. LEXIS 164609 at *4 (S.D. Cal. Sep. 25, 2018). Defendants' NOR fails to put forth any sufficient evidence or testimony supporting its claims regarding the alleged amount in controversy. Indeed, Defendants exclusively offer unconvincing analysis of Plaintiff's waiting time penalty, meal and rest period, failure to pay overtime, and wage statement claims, and fails to offer any evidence, whatsoever, as to the alleged **violation rates** of such claims.

**Plaintiff Arden Whips' ("Plaintiff") assertion that this case involves an amount in controversy of less than $5 million is presumed to be correct**. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (citing 28 U.S.C. § 1446(c)(2) ["If a plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy."]; *see also* Dkt. No. 1-1, <u>Exhibit A</u> [Complaint], ¶8. Therefore, Defendants must do more than present ambiguous, unsubstantiated facts and unsupported assumptions to establish the propriety of federal jurisdiction, especially when all the data is already in Defendants' possession.

For those reasons, as articulated further herein, this Court should remand this case to the

MEMO. OF POINTS AND AUTH. ISO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT
Case No. 2:24-cv-03736—DAD-CKD

Sacramento County Superior Court.

## II.     LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). It is presumed, however, "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.; See also *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) "[U]nder CAFA, the burden of establishing removal jurisdiction remains…**on the proponent of federal jurisdiction."** *Henson v. Billing Concepts, Inc.*, 2009 U.S. Dist. LEXIS 133765 at *2-3 (C.D. Cal. March 23, 2009) [Citing *Abrego v. Dow Chem. Co*., 443 F.3d 676, 685 (9th Cir. 2006).]  "Evidence establishing the amount is required' where, as here, the plaintiff challenges the defendant's amount in controversy assertion." *Baretich v. Everett Fin., Inc*., 2018 U.S. Dist. LEXIS 164609, at *4 (S.D. Cal. Sep. 25, 2018) [quoting *Dart, supra*, 135 S. Ct. at 554]. "Under the preponderance of the evidence standard, a defendant must establish 'that the potential damage could exceed the jurisdictional amount.'" *Baretich, supra,* 2018 U.S. Dist. LEXIS at *4 (citations omitted)) "Federal jurisdiction **must be rejected if there is any doubt** as to the right of removal in the first instance." *Gaus, supra,* 980 F.2d at 566. Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Moreover, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015). The court "**resolves all ambiguity in favor of remand**." *Hunter, supra,* 582 F.3d at 1042. If the District Court determines that it lacks jurisdiction, the action should be remanded back to the state court. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 134 (2005). These rules of limited jurisdiction of federal courts are founded on the plaintiff's right to select the forum and "'to prosecute his own suit in his own way to a final determination.'" *Lewis v. Time Inc*., 83 F.R.D. 455, 458 (E.D. Cal. 1979) [quoting *Parks v. New York Times Co*., 308

F.2d 474, 478 (5th Cir. 1962).] Finally, "[w]here, … the evidence is in equipoise, i.e., no evidence on either side, **'the scales tip against federal-court jurisdiction.'**" *Vilitchai v. Ametek Programmable Power, Inc*., 2017 U.S. Dist. LEXIS 31623 at \*4 (S.D. Cal. Mar. 6, 2017) [quoting *Ibarra, supra*, 775 F.3d at 1199].

Notably, this Court has ordered remand where, as here, the defendant has not submitted any evidence regarding violation rates, a 100% violation rate defendant relied upon to calculate the ***amount in controversy*** is unreasonable given the allegations of plaintiff's complaint. See *Castillo v. Trinity Servs. Grp.* 2020 U.S. LEXIS 119963 at \*13 [quoting *Arias v. Residence Inn by Marriott, 936 F.3d 920 at 925* (9th Cir. 2019)].

## III.   ARGUMENT

Defendants alone have unilateral and unfettered access to the information needed to establish its total exposure with respect to class members' claims. Since the NOR is supported only by unreliable declaration testimony, unreasonable assumptions and missing information and data points, Plaintiff cannot conduct even a preliminary analysis to verify or rebut Defendants' blanket claims of jurisdiction. Given this, and for the reasons detailed below, this case must be remanded to state court.

### A.   <u>Defendants Fail to Substantiate Their Blanket Claim That the Total Exposure In This Case Is More Than $5 Million</u>

Pursuant to the Supreme Court's ruling in *Dart Cherokee Basin Operating Co., LLC v. Owens*, Defendants have the burden of establishing that the amount in controversy exceeds $5 million. *Dart, supra,* 135 S. Ct. at 553-54 (citing §1446(c)(2)(B) [when a plaintiff questions defendant's purported amount in controversy, the ***defendant must then provide evidence showing, by a preponderance***, that the amount in controversy exceeds $5 million].)  Under CAFA, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra*, *supra,* 775 F.3d at 1197-98. However, if the plaintiff challenges the amount in controversy – which Plaintiff does here – the defendant must submit summary-judgment-style evidence establishing the amount by

preponderance of the evidence. *Id.* The plaintiff *can* also submit evidence in opposition, *see Id.* at 1198, but there is no requirement that they do so. *See Townsend v. Brinderson Corp.*, 2015 U.S. Dist. LEXIS 85150, 2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015).

Defendants argue, without support, that the total amount in controversy is at least $5,399,568.50. Dkt. 1 [NOR] at ¶ 46. Defendants' estimate is based on the unsupported assumption that **every single one of the estimated 162 terminated class members** are owed the **maximum** amount of waiting time penalties in the collective amount of $799,858.80. *Id.* at ¶ 30. Defendants also assumed, without providing any substantiating evidence, that **every one of the 420 class members** suffered one meal period violation, **and** one rest period violation, every week on the 41,504 statutory workweeks for a total of $1,751,468.80 in meal and rest period premiums. *Id.* at ¶ 36. Additionally, Defendants improperly assume that every class member suffered one hour of unpaid overtime per workweek, and that Plaintiff therefore seeks unpaid wages in the amount of $1,313,601.60. *Id.* Further, Defendants assume a **100% violation rate for the wage statement claim** to argue $448,500 in liability. *Id.* at ¶ 41. Finally, Defendants assert an unsupported $1,078,357 in Plaintiff's anticipated attorneys' fees. *Id.* at ¶ 45. Notably, these assumptions are predicated on **unsupported violated rates**, as discussed further below.

Defendants alone have unfettered access to the information needed to establish its total exposure with respect to class members' claims. Dkt. 1-2 [Declaration of Wesley Marick ("Marick Decl."), 1, 5]. Yet, Defendant's NOR relies heavily on unreasonable assumptions not adequately supported by evidence, which has repeatedly been a basis **for this very Court** – as well as other California District Courts – to remand matters. See *Tercero v. C&S Logistics of Sacramento/Tracy LLC*, 2024 U.S. Dist. LEXIS 210277 (E.D. Cal. **Nov. 18, 2024**); *Benitez v. Hyatt Corp.,* 2024 U.S. Dist. LEXIS 62505 (S.D. Cal. **Mar. 21, 2024**); *Urias v. Labcorp Peri-Approval & Commercialization Inc.*, 710 F. Supp. 3d 838 (**S.D. Cal. 2024**); *Blossom v. Waldorf Astoria Emp'r, LLC,* 2024 U.S. Dist. LEXIS 29719 (C.D. Cal. **Feb. 21, 2024**); *Marshall v. Tailored Shared Servs., LLC*, 2024 U.S. Dist. LEXIS 202366, at *9 (C.D. Cal. **Nov. 4, 2024)**; *Guiniling v. Escondido Med. Inv'rs Ltd. P'ship Life Care Ctr. Of Escondido*, 2023 U.S. Dist.

LEXIS 24389 (S.D. Cal. Feb. 13, 2023); *Valenzuela v. Calenergy Operating Corp.*, 2023 U.S. Dist. LEXIS 207936 (S.D. Cal. Nov. 17, 2023); *Valdez v. Field Asset Servs., Inc.*, 2023 U.S. Dist. LEXIS 144817 (S.D. Cal. Aug. 17, 2023); *Ward-Howie v. Frontwave Credit Union*; 2022 U.S. Dist. LEXIS 144080 (S.D. Cal. Aug. 11, 2022) *Evers v. La-Z-Boy Inc.*, 2022 U.S. Dist. LEXIS 133860 (S.D. Cal. July 22, 2022); *Weaver v. Amentum Servs.*, 2022 U.S. Dist. LEXIS 59200 (S.D. Cal. March 30, 2022); *Tag v. i360, LLC*, 2022 U.S. Dist. LEXIS 48116 (S.D. Cal. March 17, 2022); *Deal v. Genex Servs., Ltd. Liab. Co.*, 2022 U.S. Dist. LEXIS 36198, (S.D. Cal. Mar. 1, 2022); *Meola v. Compass Group USA, Inc.*, U.S. Dist. LEXIS 232312 (S.D. Cal. Feb. 2, 2021); *Valdez v. Fairway Indep. Mortg. Corp.*, 2019 U.S. Dist. LEXIS 126013 (S.D. Cal. July 22, 2019); *Cummings v. G6 Hosp., LLC,* 2019 U.S. Dist. LEXIS 56719 (S.D. Cal. April 2, 2019); *Waltz v. Wal-Mart Assocs.,* 2022 U.S. Dist. LEXIS 29190 (C.D. Cal. Feb. 17, 2022); *Beckwith-Cohen v. Vibrantcare Rehab., Inc.,* 2021 U.S. Dist. LEXIS 239033 (E.D. Cal. Dec. 14, 2021); *Alvarado v. Scholle IPN Packaging, Inc.*, 2020 U.S. Dist. LEXIS 208483 (E.D. Cal. Nov. 6, 2020); *Hender v. Am. Directions Workforce LLC*, 2020 U.S. Dist. LEXIS 187350 (E.D. Cal. Oct. 7, 2020); *Schwarz v. Triwest Healthcare Alliance Corp.*, 2020 U.S. Dist. LEXIS 128659 (E.D. Cal. July 21, 2020); *Arango v. Schlumberger Tech. Corp.*, 2020 U.S. Dist. LEXIS 236717 (C.D. Cal. Dec. 16, 2020); *Figueroa v. LogistiCare Sols., LLC*, 2020 U.S. Dist. LEXIS 189441(C.D. Cal. October 10, 2020); *Melead v. TVI, Inc.*, 2020 U.S.Dist. LEXIS 164502 (C.D. Cal. Sept. 9, 2020); *Zamarripa v. Sup. Talent Res., Inc.*, 2019 U.S. Dist. LEXIS 121931(C.D. Cal. July 18, 2019); *Bell v. Nusil Tech. LLC,* 2021 U.S. Dist. LEXIS 63172* at * 9-10 (E.D. Cal. March 31, 2021); *Castillo v. Trinity Servs. Grp.* 2020 U.S. LEXIS 119963 at *13 (E.D. Cal. July 8, 2020).

This District's decisions in *Tercero*, *Alvarado*, *Hender*, and *Schwarz* are particularly illuminating, as this District remanded similar wage and hours actions brought against an employer alleging the same claims for failure to pay overtime, missed or deficient meal and rest periods, inaccurate wage statements, and waiting time penalties, among other claims. *Tercero, supra*, 2024 U.S. Dist. LEXIS 210277 at *7-8; *Alvarado, supra*, 2020 U.S. Dist. LEXIS 208483 at *2-3; *Hender, supra,* 2020 U.S. Dist. LEXIS 187350 at *1-2; *Schwarz, supra,* 2020 U.S. Dist.

LEXIS 128659 at *4-5. In those cases, the defendant removed under CAFA, and the main point of contention on remand was the defendants' claimed amount in controversy. Like in the instant matter, the defendants in *Tercero, Alvarado, Hender, and Schwarz* assumed erroneous violation rates that were unsupported by documents, leading this District to remand the cases to the state courts from which they came. *Alvarado,* at *14-15 [50% violation rate meal/rest period based on number of workdays was erroneous and unsupported.]; *Hender,* at *9-11 [100% violation rate for waiting time penalties erroneous and unsupported]; *Schwarz*, at *12-14 [same]. Ultimately, this District rejected those defendants' calculations as unsupported and granted the plaintiffs' motions to remand. *Alvarado,* at *17 ["the Court finds that Defendants have failed to carry their burden to show that the amount-in-controversy requirement for CAFA jurisdiction has been satisfied."]; *Hender,* at *27 ["This falls below the jurisdictional minimum of $5,000,000 for cases brought under CAFA."]; *Schwarz*, at *12 ["Defendant has not met its burden of demonstrating the amount in controversy exceeds $5 million as required under CAFA."].

Most recently, in *Tercero*, this Court granted remand, holding that defendants did not meet their burden of establishing the requisite amount in controversy, as defendants' supporting declaration **did not address any alleged violation rates**, or the **percentage** of class members affected by defendants' violations. *Tercero, supra*, 2024 U.S. Dist. LEXIS 210277 at *19-20; see also *Gipson v. Champion Home Builders, Inc*., No. 1:20-cv-00392-DAD-SKO, 2020 U.S. Dist. LEXIS 127563, 2020 WL 4048503, at *5 (E.D. Cal. July 20, 2020) (determining that a declaration alone was not sufficient to support defendant's amount in controversy where it failed to "provide any evidence regarding the frequency of violations with respect to each of plaintiff's claims or the violation rate generally"). As is the case here, the assumptions underlying defendants' calculations in *Tercero* were not supported by the plaintiff's complaint, as the complaint stated that meal and rest break violations occurred "at times". *Id*. at *16. Further, this Court followed the other District Courts, holding that "language indicating violations occurred "at times" and to "some of" the class members cannot reasonably support a 100% violation rate." *Id.* at *17.

Those remand orders are consistent with this Court's Orders in *Freeman* and *Rickwalt*, as well as the Orders from the Central and Southern District in *Arango* and *Meola*, respectively. In particular, this Court found an employer's attempts to remand under similar circumstances unpersuasive, holding,

> Defendant cites the term "at all material times" used in Plaintiff's complaint in order to explain why Defendant assumed one hour of overtime per pay period. However, just as "pattern and practice" does not mean always or universally, neither does "at all material times" mean each and every pay period. **There is no explanation as to why at all material times could not mean one hour of overtime a month or any other number of hours or intervals**. [Citation] … Defendant has not shown that its **assumption of one hour of over time per pay period is a reasonable assumption**. Accordingly, Defendant has failed to meet its burden to demonstrate the amount in controversy on Plaintiff's unpaid overtime claim is $1,596,088.

*Freeman, supra*, 2017 U.S. Dist. LEXIS 9181 at *7-8; see also *Rickwalt* 2015 U.S. Dist. LEXIS 161892 at [the defendant's "interpretation [of overtime allegations] is **simply unreasonable and is inconsistent** with Plaintiff's position."]

Indeed, the Southern District reinforced courts' prohibition on the sort of erroneous and unsupported violation rates proffered by Defendant here, holding,

> The Court of Appeals for the Ninth Circuit has made clear that assumptions underlying a defendant's amount in controversy calculation "cannot be pulled from thin air," and must be "grounded in real evidence." *Ibarra,* 775 F.3d at 1199. Compass has not come forward with any evidence supporting its assumptions that 100% of class members were subject to wage and hour violations of 100% workweeks. …Compass has further failed to provide an evidentiary basis for its assumptions that all class members worked sufficient hours to qualify for meal and rest periods every week and that all terminated employees worked full-time. … Compass has failed to come forward with evidence demonstrating that the assumptions it used to conclude the amount in controversy… were reasonable.[1]

*Meola, supra,* U.S. Dist. LEXIS 232312 at *11.

Moreover, The Courts have ordered remand even in circumstances where Defendants have offered more evidence than in the instant matter,

> While the submitted declaration of [defendant's representative] includes useful data regarding the number of non-exempt employees, the number of such employees who have terminated their employment, the *hours worked by these employees, and the wages paid to these employees*, **Defendant does not provide**

---

[1] The Southern District even concluded that the defendant's asserted 70% reduction was unsupported because "Compass has not come forward with evidence that a 30% violation rate is reasonable." *Meola, supra*, U.S. Dist. LEXIS 232312 at fn 1.

**how this data can be used to support the previously stated assumptions when it appears such information is readily available**.

*Valdez, supra*, 2019 U.S.Dist. LEXIS 126013 at *10

The Central District arrived at the same conclusion, holding:

The Court agrees with Plaintiff that "where, as here, 'a complaint alleges a **'pattern and practice' of labor law violations, a 100% violation rate is unreasonable**; the assumed violation rate must be lower.'" Reply at 2 (citing *Bernal v. Serco, Inc.*, 2020 U.S. Dist. LEXIS 203034, at *9 (C.D. Cal. Oct. 29, 2020)). Further, Plaintiffs' Complaint clearly alleges that violations occurred "periodically" rather than 100% of the time. Compl. ¶ 15, 16, 72, 77, 97. The Court thus finds Defendant's amount in controversy calculations to be **little more than "speculation and conjecture,"** and it accordingly lacks jurisdiction over this matter under CAFA.

*Arango supra*, 2020 U.S. Dist. LEXIS 236717 at * ; *Figueroa, supra,* 2020 U.S. Dist. LEXIS 189441 at *5 [same]; *Melead, supra*, 2020 U.S. Dist. LEXIS 164502 at *7-9. **The gap between a 100% violation rate and violations "from time to time" is immense. A uniform policy and practice of committing violations from time to time does not allege that a violation occurred with every employee**."]

Further, the Southern District of California in *Guiniling*, ordered remand after it determined – similar to Defendant's declaration here – that "[t]he Defendant's declarations support half of their calculations. The declarations evidence the number of employees and possible work weeks but **do not offer any additional evidence to support the violation rates**. The Court cannot decipher the reasonableness of a violation rate that brings the damages above the jurisdictional threshold." *Guiniling, supra.* 2023 U.S. Dist. LEXIS 24389 at *6-7.

The Court should follow suit here, as Defendant's analysis of the amount in controversy is similarly based entirely on erroneous, unsupported, and unreasonable assumptions.

**B.** **Defendants' Analysis of Plaintiff's Waiting Time Penalties Claim is Based on Unsupported and Unreasonable Assumptions**

In calculating Defendants' exposure for waiting time penalties pursuant to California Labor Code § 203 at $799,858,80 (NOR, ¶30), Defendants rely on unexplained, unsupported and unreasonable assumptions. Defendants' NOR claims that there were 162 class members in total which are now former employees and are each entitled to **maximum** waiting time penalties. *Id*.

Defendants, however, offer no justification for the number of class members, the average

MEMO. OF POINTS AND AUTH. ISO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT
Case No. 2:24-cv-03736-DAD-CKD

length of the shifts worked or its assumption that all of them are owed 30 days of waiting time penalties, further assuming that each of the approximate 162 former employees worked an average of 7.8 hours for 30 consecutive days. Without evidence supporting the assumptions that underlie the calculations, Defendants will fail to meet its burden. *Sanchez v. Mama Mgmt. US, LLC,* 2023 U.S. Dist. LEXIS 146795, *9-10 (C.D. Cal. Aug. 18, 2023). In other words, despite having all pertinent information in their possession, Defendants provide no evidentiary support, whatsoever, for their contention that they failed to timely pay every single former employee their final wage, and that each violation extended the maximum of 30 days.

This is exactly the type of conclusory, unsupported violation assumptions that were rejected by this Court in *Melead*.

> [The defendant] assumes that 2,000 employees who were terminated during the relevant period were denied final wages for the statutory maximum thirty days. (See Opp. at 4; NOR ¶ 25). It multiplied 2,000 employees, by 30 days, 8 hours per day, and by the $13.82 average hourly rate to reach its $6,633,600 final wages claim total. (Opp. at 4.)
>
> …
>
> **While defendants may make reasonable assumptions based on the complaint and from evidence**, "those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199; see also *Rutledge v. Healthport Technologies, LLC*, 2017 U.S. Dist. LEXIS 26453, 2017 WL 728375, at *2 (N.D. Cal. Feb. 24, 2017) ("[Defendants are] not permitted to pull potential violation rates out of thin air."). Moss's cursory declaration of the number of employees in the purported class and combined average hourly rate does nothing to establish a violation rate….[The defendant] has also not justified its assumption of an 8-hour workday for **every employee class member**. Crucially, [the defendant] **has not provided any evidence suggesting how many of the 2,744 terminated employees were full-time employees, as opposed to part-time employees. Nor has it provided an average of hours worked by class members**. Accordingly, [the defendant] has failed to sustain its evidentiary burden regarding waiting-period penalties for purposes of removal.

*Melead*, *supra*, 2020 U.S. Dist. LEXIS 164502 at *7-9; see also *Hayes v. Salt & Straw, LLC, 2020 U.S. Dist. LEXIS 92475* (C.D. Cal. May 27, 2020) at *11-12 [same]; *Brancaccio v. Knauf Insulation, Inc*., 2020 U.S. Dist. LEXIS 61285 at *9 (C. D. Cal. April 7, 2020).

Here, Defendants, just like the defendant in *Melead,* use a 100% violation rate as its benchmark for damage calculation. Although Defendants claim that all class members worked

MEMO. OF POINTS AND AUTH. ISO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT
Case No. 2:24-cv-03736-DAD-CKD

7.8 hours per day on average, Defendants fail to provide any explanation as to why it is reasonable to assume that this figure should be applied to all 162 of the former employees who are potentially the subject of this claim. Defendants have "not provided any evidence suggesting how many of the [] terminated employees were full-time employees, as opposed to part-time employees. Nor has it provided proper evidence of an average of hours worked by class members" (*Id*.) or any sufficient evidence regarding the class members' rate(s) of pay. Simply put, there is no evidence to support the assumption of any particular rate violation.

Defendants also fail to meet its burden to demonstrate jurisdiction in a similar manner as the defendant in *Blossom*, as Defendants' assertions are entirely based on speculation and conjecture. *Blossom, supra,* 2024 U.S. Dist. LEXIS 29719, at *4. Indeed, the defendant in *Blossom* failed to meet its burden despite providing the Court with concrete evidence, as defendant's data left uncertain the precise ratio of full-time to part-time employees, the average number of hours or shifts each employee worked during the class period, and the average hourly rate of pay during the class period. *Id*. at *6.  Notably, the Marick Decl. fails to distinguish between full-time and part-time employees, instead opting to provide a general average shift length. Dkt. 1-2, Marick Decl., ¶ 6. Therefore, Defendants fail to provide **sufficient evidence** to support their calculation and, thus, fail to meet their burden.

Additionally, Defendants' calculation for waiting time penalties, like in *Marshall*, must fail due to lack of evidence of shift length and violation rates. *Marshall, supra,* 2024 U.S. Dist. LEXIS 202366, at *8. In *Marshall*, Defendants assumed, without proper evidence, a 100% violation rate entitling all former employees to the maximum thirty-day waiting time penalty. *Id*. at *9. Without evidentiary support, the calculation is unworkable. *Id.*

In *Hender*, based on actual records provided – which were not provided here –the Court concluded, in pertinent part:

> Even a cursory overview of defendants' payroll records shows very few employees worked anywhere near 80 hours over a two-week period. See Defs.' Ex. A. The records for all the putative class members, as well as plaintiff's own hours, cast doubt on the accuracy of defendants' calculations of the amount in controversy. …

MEMO. OF POINTS AND AUTH. ISO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

Case No. 2:24-cv-03736-DAD-CKD

Defendants fail to provide an accurate basis for the numbers they say support their calculations. Unlike the defendants in *Nunes*, they do not base their estimates on a researcher's calculation of "average daily wages." With only their bare statement that each putative class member worked a full week and received $12 per hour, defendants have not established the amount in controversy for waiting time penalties by a preponderance of the evidence. Therefore, the court does not consider defendants' estimate of waiting time penalties, $3,493,440, as part of the amount in controversy for CAFA purposes.

*Hender*, *supra*, 2020 U.S. Dist. LEXIS 187350 at *9-14; *see also Schwarz*, *supra*, 2020 U.S. Dist. LEXIS 128659 at *11 ["The language in the complaint does not support defendant's claimed 100 percent violation rate at the maximum statutory penalty… **The limitations of the language in the complaint and defendant's failure to provide evidentiary support for the $18.44 average hourly wage means defendant fails to carry its burden on two fronts.**"]

Indeed, a defendant's failure to provide evidence supporting the amount in controversy inexorably leads to remand. *See Serrano v. Pac. Coast Feather Cushion Co.*, 2017 U.S. Dist. LEXIS 138153 at *7-8 (C.D. Cal. Aug. 28, 2017) [defendant providing an amount in controversy without support ultimately led to remand]; *King v. Bank of Am. Corp.*, 2012 U.S. Dist. LEXIS 199338 at *8-9 (C.D. Cal. May 1, 2012)["Defendant has left [the Court] to speculate as to…whether or not members of the class qualify for penalty wages; such speculation does not meet the legal certainty standard."]; *Meola*, *supra*, 2021 U.S. Dist. LEXIS 232312 at *11.

Here, just as in *Melead*, *Hender*, and the other authority cited above, since Defendants have failed to provide sufficient data upon which this Court or Plaintiff can rely in verifying its alleged exposure, this Court must find that it has failed to meet its burden of showing Plaintiff's case exceeds the $5 million threshold.

**C.      Defendants' Analysis of Plaintiff's Meal and Rest Period Claims are Based on Unsupported and Unreasonable Assumptions**

Similarly, in calculating their meal and rest break exposure, Defendants rely on unexplained, unsupported and unreasonable assumptions. Defendants assume, without support, that all 420 class members suffered one meal period violation and one rest period violation during **every workweek,** for a total of $1,751,468.80 in damages.  NOR, ¶ 36.

The NOR claims that this assumption is based on Plaintiff's allegations; however, nowhere in Plaintiff's Complaint does Plaintiff assert that *each* class member missed one meal

break *and* one rest break every workweek *during the statutory period*. *See,* Dkt. 1-1, <u>Exhibit A</u> [Complaint], at ¶ 12, 15, 16, 91, 95 [alleging that class members were "periodically" not provided rest breaks, and "from time to time" experienced interrupted meal breaks, or were "from time to time" not provided the meal and rest breaks to which they were entitled]. These allegations cannot justify a 100% violation rate, or any violation rate, pulled from thin air. See *Meola, supra,* 2021 U.S. Dist LEXIS 232312 at *11 ["**Compass has further failed to provide an evidentiary basis for its assumptions that all class members worked sufficient hours to qualify for meal and rest periods every week and that all terminated employees worked full-time**."]; *Valdez, supra*, 2019 U.S. Dist. LEXIS 126013 at *16 ["Defendant again arbitrarily assumed a violation rate of one missed meal break and one missed rest break per week... that is not grounded in any real evidence."; *Cummings, supra,* U.S. Dist. LEXIS 56719 at *9 ["time to time" allegations did not support 100% violation rate; *Aviles v. Omnicare, Inc.,* 2014 U.S. Dist. LEXIS 72110 at *10 (S.D. Cal. May 27, 2014) ["[i]mproperly assumes that all employees missed one hour of rest period for every week during the purported class period. This assumption is not supported by evidence or data and is not alleged in the complaint."]; *Deal*, *supra*, 2022 U.S. Dist. LEXIS 36198, at *6 ["Allegations that a violation occurred "from time to time" or "periodically" do not necessarily mean that a violation occurred every week."].

Indeed, Defendants fail to meet their burden here, because while they submit a cursory declaration from Wesley Marick, the Marick Decl. fails to offer **any additional evidence** to support the violation rates. See generally, Dkt. 1-2, [Marick Decl.]; see also, *Guiniling, supra*, at *6 (S.D. Cal. Feb. 13, 2023). Regarding shift length, the Marick Decl. **merely states** that "the average shift was at least 7.80 hours" Dkt. 1-2, [Marick Decl.] ¶ 6. Simply put, the NOR and supporting declaration do not present even a shred of sufficient evidence **regarding which class members worked shifts entitling them to meal and rest breaks**. Absent evidence in this regard, Defendants fail to meet their burden with respect to its meal and rest period estimates. *Benitez v. Hyatt Corp*., 722 F. Supp. 3d 1094, 1101 (S.D. Cal. 2024), citing *Harris v. KM Indus., Inc*., 980 F.3d 694, 701-702 (9th Cir. 2020); see also *Alvarez v. Off. Depot, Inc*., 2017 U.S. Dist.

LEXIS 197358, 2017 WL 5952181, at *4 (C.D. Cal. Nov. 30, 2017) ("[C]ourts have refused to credit calculations that assume violations without considering whether the shifts in question necessarily permitted meal and rest breaks.").

Further, Defendants cannot rely on Plaintiff's Complaint to justify their assumption that class members **consistently** worked shifts of sufficient length, which alleges **only** that California class members "were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break." See Dkt. 1-1 [Complaint], ¶ 15; see also *Benitez, supra*, 722 F. Supp. 3d at 1101 (S.D. Cal. 2024). The Court, therefore, cannot decipher the reasonableness of any violation rate proffered by Defendant. *Weaver, supra*, 2022 U.S. Dist. LEXIS 59200 at *8 ["**on review of the pleadings and evidence submitted, Defendant offers no reason 'grounded in real evidence' as to why a 20% violation rate is appropriate**… [the] **declaration does not include any information relevant to the frequency of meal and rest break violations.**"].

Defendants must present **evidence**, not bare assumptions as to the violation rate. Here, Plaintiff's Complaint does not support the assumed meal and rest break violations, as the Complaint alleged violations occurred "time to time", and "periodically." Since Defendants have not provided sufficient factual evidence – even close to a preponderance – its meal and rest break analysis must be roundly rejected.

### D. Defendants' Analysis of Plaintiff's Overtime Claim is Based on Unsupported and Unreasonable Assumptions

Defendants' overtime exposure analysis is similarly flawed. Without any legitimate basis therefore, Defendant's NOR assumes that Plaintiff and the putative class missed one hour of overtime per week. NOR, ¶ 35. Here, like the defendant in *Weaver*:

> **Defendant offers no evidence supporting that a one-hour-per-workweek violation rate is suitable for calculation purposes**. See *Holcomb v. Weiser Sec. Servs.*, Inc., 424 F. Supp. 3d 840, 847 (C.D. Cal. 2019) (finding the defendant failed to justify the use of a once-per-week violation rate "seemingly plucked from thin air" and thus held the violation rate unreasonable). **Defendant fails to justify the use of a once-per-week violation rate over some other rate**. See *Garibay v. Archstone Cmts. LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (finding

the defendants failed to provide evidence that the assumption of two rest break violations per week was "more appropriate" than one violation per pay period or one violation per month). **Without evidentiary support, Defendant's violation rate is merely an assumption, seemingly plucked from thin air**.

*Weaver v. Amentum Servs. 2022*, U.S. Dist LEXIS 59200, at *8-9 (S.D. Cal.March 30, 2022).

Defendants' overtime violation calculation assumes (without providing supporting evidence) that each class member worked a full hour of overtime every single week. Significantly, Defendants' declaration is completely devoid of a single fact that would justify the notion that 100% of employees are owed one full hour of overtime per week, and instead simply states that "based on Defendants' records, the average shift length was at least 7.8 hours." Dkt. 1-2 [Marick Decl.], ¶ 5. Without further evidence, Defendants' assumptions are essentially pulled from thin air, and Defendants fail to support their assumptions about the **frequency of employees' overtime work**. *Urias, supra*, 710 F. Supp. 3d 838, 845-848 (S.D. Cal. 2024). It is this very basis, that courts have consistently granted remand, as Defendants "must cite allegations from the complaint or provide evidence of their own to support assumptions about the frequency of employees' overtime work." *Id*. at 845-846; see e.g., *See, e.g., Wilson v. Ikea N. Am. Servs., LLC*, 2020 U.S. Dist. LEXIS 235306, 2020 WL 7334486, at*3 (C.D. Cal. Dec. 14, 2020) (explaining that "the number of employees and the number of workweeks" does not constitute evidence "that each of the employees worked full time"); *Gonzalez v. Hub Int'l Midwest Ltd.*, 2019 U.S. Dist. LEXIS 79672, 2019 WL 2076378, at *3 (C.D. Cal. May 10, 2019) (rejecting assumed rate of overtime violations where a defendant's evidence did "not address the frequency of employees' overtime work"); *Williams v. ETC Inst.*, 2018 U.S. Dist. LEXIS 106015, 2018 WL 3105117, at *11 (N.D. Cal. June 25, 2018) (concluding defendant did not meet burden as "[t]here [was] no evidence that every putative class member worked overtime, let alone did so every week"); *cf. Harris*, 980 F.3d at 701 (rejecting assumptions where defendant "failed to provide *any* evidence" that "all [class members] worked shifts long enough to qualify for meal or rest periods").

Indeed, just like in *Tercero*, Defendants' declaration is inadequate because it does not

mention any alleged violation rates, or the percentage of class members affected by Defendants' violations. *Tercero, supra*, 2024 U.S. Dist. LEXIS 210277 at \*19-20; see also *Gipson v. Champion Home Builders, Inc.*, 2020 U.S. Dist. LEXIS 127563, 2020 WL 4048503, at \*5 (E.D. Cal. July 20, 2020) (determining that a declaration alone was not sufficient to support defendant's amount in controversy where it failed to "provide any evidence regarding the frequency of violations with respect to each of plaintiff's claims or the violation rate generally").

Critically, allegations that a violation occurred "from time to time" or "periodically" do not necessarily mean that a violation occurred every week." *Deal*, *supra*, 2022 U.S. Dist. LEXIS 36198 at \*6; see also *Tercero, supra*, 2024 U.S. Dist. LEXIS 210277 at \*17. Without evidence showing that its estimates are rooted in fact, the Court finds Defendant's assumption of one violation of each claim per workweek amounts to "mere speculation and conjecture." *Id. at \*7*. Defendants, therefore, make these assumptions even though Plaintiff's minimum wage claim alleges, under no uncertain terms, that "PLAINTIFF is from time to time interrupted by work assignments" and "[a]s a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage … compensation by regularly working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates." Dkt. No. 1-1, Exhibit A, [Complaint], ¶ 12; see also ¶ 17 ["PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates."].

In summary, Defendants have simply concocted an arbitrary calculation in order to meet the amount in controversy threshold. Since Defendants have not provided one iota of information to meet its burden of proof and support its blanket overtime contention, Defendants' overtime analysis must be rejected.

### E. <u>Defendants' Analysis of Plaintiff's Wage Statement Claim is Based on Unsupported and Unreasonable Assumptions</u>

Similar to Defendants' analysis of Plaintiff's waiting time penalties, meal/rest breaks, and

overtime claims, Defendants offer no evidence to support Defendants' wage statement exposure. Defendants assume they employed 420 non-exempt, hourly employees who were issued 4,695 wage statements from November 22, 2023 to October 1, 2024 and therefore Plaintiff alleges an amount in controversy of $448,500. NOR, ¶ 41. This assumption, which lacks any evidentiary support whatsoever, assumes every class member was issued an inaccurate wage statement by Defendants. That is contrary to the allegations in Plaintiff's complaint, as the cause of action for violations of California Labor § 226 alleges that, "**[f]rom time to time**, DEFENDANT also failed to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned." See, Dkt. No. 1-1, Exhibit A [Complaint] at ¶ 100. Thus, the Complaint clearly alleges that violations only occurred "*from time to time.*" In its NOR, however, Defendants make the assumption that this happened to each and every Class Member. This assumption is not supported by evidence. Indeed, this was the same flaw that plagued the defendant's notices of removal as this Court held in in *Figueroa v. LogistiCare Sols.,* LLC, 2020 U.S. Dist. LEXIS 189441 and as other courts held in *Zamarripa* and *Cummings,* where the defendants, like Defendant here, assumed a 100% violation rate without substantial justification. *Zamarripa v. Superior Talent Res., Inc*., 2019 U.S. Dist. LEXIS 121931 at *10 (C.D. Cal. July 19, 2019). This is particularly true where, like here, the allegations of the complaint contain "from time to time language." *Cummings, supra,* U.S. Dist. LEXIS 56719 at *8. Thus, the defendant's "utilization of a 100% violation rate based on the Plaintiff's allegations of wage statement penalties, CAL. LAB. CODE § 226 … [was] unreasonable." *Id*. at *7. Given the problems underlying Defendants' unreliable analysis, it is impossible to verify Defendants' damages calculation. As such, Defendants' exposure analysis must be rejected.

    F.    **Defendants' Analysis of Potential Attorneys' Fees Exposure is Wholly Unsupported**

Defendants assume attorneys' fees will bolster the total amount in controversy in order to reach the jurisdictional threshold, but none of Defendants' assumptive data points outlined above

MEMO. OF POINTS AND AUTH. ISO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT
Case No. 2:24-cv-03736-DAD-CKD

are accurately supported by credible evidence.  For this reason alone, the attorneys' fee add-on is unreliable and must be disregarded until Defendants provide supporting evidence for any of the assumptions. "Defendants' calculations of those damages and penalties are based on unsupported assumptions. Therefore, Defendants' calculation of attorneys' fees is also based on unsupported assumptions." *Badia*, 2010 U.S. Dist. LEXIS 123438 at *6; *see also Guiniling, supra*, 2023 U.S. Dist. LEXIS 24389, at *8 (S.D. Cal. Feb. 13, 2023).

Further, in *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018), the Ninth Circuit held that **there must be evidence of the amount of attorneys' fees to be incurred** before allowing this to be included in the amount in controversy:

> [W]e reject Swift's argument that we should hold that, as a matter of law, the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery.... [T]he defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence; we may not relieve the defendant of its evidentiary burden by adopting a per se rule for one element of the amount at stake in the underlying litigation. Moreover, a court's calculation of future attorneys' fees is limited by the applicable contractual or statutory requirements that allow fee-shifting in the first place.

*Id*. at 796.

The Ninth Circuit remanded the case to the district court to receive evidence on these factors, and explicitly rejected a per se rule: "We do not hold that a percentage-based method is never relevant when estimating the amount of attorneys' fees included in the amount in controversy, only that a per se rule is inappropriate." *Id*. at 796 n.6. Defendants' attorneys' fees conjecture, therefore, is entitled to no deference, as it is bereft of any evidentiary support.

### G.      Defendants' Fail to Analyze any of Plaintiff's Additional Claims

Defendants' NOR fails to analyze or place an amount in controversy as to any of Plaintiff's additional claims, including Plaintiff's claims for failure to pay minimum wages, failure to provide business expense reimbursements, failure to provide wages when due, and failure to pay sick pay wages. See generally, Dkt. 1 [NOR]; Dkt. 1-1 Exhibit A [Complaint].  As Defendants fail to put forth any supportive evidence to support Plaintiff's additional claims, let alone any type of damages assessment, Defendants fail to meet its burden as to any of Plaintiff's

additional claims. *Guiniling, supra*, 2023 U.S. Dist. LEXIS 24389, at *6.

Regardless, based on the NOR and Defendants' failure to provide any substantive supporting declarations, any liability analysis for Plaintiff's additional claims would similarly be based on unsupported speculative assumptions that do not meet Defendants' burden of proof. However, should Defendants proffer any additional analysis in Opposition to this Motion, Plaintiff reserves the right to challenge Defendants' analysis on Reply.

## IV. CONCLUSION

Defendants' NOR relies solely on assumptions **not grounded in real evidence** and, therefore, Defendants have failed to satisfy its burden of proof by a preponderance of the evidence that the amount in controversy thresholds are met to confer federal CAFA jurisdiction. Since Defendants have failed to provide even the most basic information supporting its analyses, this Court must find that Defendant has failed to establish the propriety of federal jurisdiction and remand this case to the Sacramento County Superior Court of California.

Dated: January 24, 2025

BLUMENTHAL NORDREHAUG
BHOWMIK DE BLOUW LLP

By____*/s/ Trevor G. Moran*____.
Trevor G. Moran
Jeffrey S. Herman
Sergio Julia Puche
Attorneys for Plaintiff